### KAUFFMANN v. JUDAH.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. ACCOUNT STATED—PLEADING—PROOF—FAILURE OF PROOF.
  A complaint alleged that plaintiff was the owner of a claim against defendant, founded on an account stated between defendant and one deceased. There was no evidence of any statement of account between defendant and deceased in his lifetime, but there was introduced a letter, written by plaintiff's husband to defendant, containing a bill or statement of an amount due from defendant to the "estate of the deceased," and an answer to the effect that defendant would pay as soon as possible. *Held*, that there was no proof of an account stated.

Appeal from trial term.

Action by Carrie Kauffmann against Jennie Judah. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

F. Bien, for appellant.
E. Jacobs, for respondent.

PATTERSON, J. This is an action upon an account stated of an indebtedness alleged to be due from the defendant, Judah, to Abraham L. Grabfelder, who died May 1, 1892. The plaintiff is now the owner of the claim. The complaint, after setting forth the plaintiff's title, proceeds to state that on the 2d of January, 1892, and during the lifetime of Abraham L. Grabfelder, an account was stated between him and the defendant of transactions which had theretofore been had between Grabfelder and the defendant, and a statement there-

of was made and delivered to the defendant, and upon such statement a balance of $689.48 was then due; and the defendant then and there received the statement, accepted the same, acknowledged its correctness, and then and there promised and agreed to pay the same, and that the defendant has since then repeatedly acknowledged the said indebtedness and account as correct. The only defenses set up were a denial of the allegations of the complaint and the statute of limitations. The case was tried by the court without a jury, and all the facts necessary to a recovery were found. The question arising upon this appeal relates to the sufficiency of the proof to establish an account stated, as alleged in the complaint. There is no evidence of any transaction of any kind between Grabfelder and the defendant. The proof shows at most the rendition of an account dated May 1, 1893, by a third party, to the defendant, while it is alleged in the complaint that an account was stated January 2, 1892, during the lifetime of Grabfelder. We fail to find in this record any evidence whatever of the statement of an account between Grabfelder, in his lifetime, and the defendant; but on May 20, 1893, N. Kauffmann, the husband of the plaintiff, wrote a letter to the defendant, in which he called her attention to an indebtedness of $50 of her son to him, and in that letter states, "I also enclose statement for balance due to Estate of A. L. G., with interest to May 1st inst." That inclosure is not of an entire account of an indebtedness to Grabfelder, but is in the following words:

New York, May 1st, 1893.

Statement.

Mrs. J. Judah, to Estate of A. L. Grabfelder.

1892.
Jan'y 2. To balance as per statement rendered...................... $689 48
Interest at 6 per cent., 16 mos....................................... 55 20

$744 68

The defendant replied to that letter May 28th, 1893, in which she says:

"Yours of the 20th just to hand; contents fully noted. You are quite correct in saying the inclosed bills should have received attention long ago, and they certainly would have had I been fortunate enough to have sold my ranch, as I had hoped I should when I came out here. * * * But I have great hopes of selling next fall, hence I have decided to remain out here till that time. Therefore shall have to beg your further very kind indulgence as regards my indebtedness, and rest assured that I shall settle same just as soon as I possibly can."

This is very far from being proof of the allegations of the complaint, and the defendant duly objected in time to its competency. She was not called upon to meet any other issue than that presented. This and other letters, which do not tend to establish the allegations of the complaint, should not have been received in evidence.

There is a complete failure of proof to sustain the cause of action set forth in the complaint, and the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.